RENDERED: JUNE 28, 2024; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0013-MR

DAYELIN GONZALEZ ALVAREZ                  APPELLANT

|   | APPEAL FROM JEFFERSON CIRCUIT COURT |
|---|---|
| v. | HONORABLE MITCHELL PERRY, JUDGE |
|   | ACTION NO. 22-CI-002647 |

ALLSTATE PROPERTY AND
CASUALTY INSURANCE
COMPANY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, A. JONES, AND KAREM, JUDGES.

KAREM, JUDGE: Dayelin Gonzalez Alvarez ("Alvarez") is appealing the

Jefferson Circuit Court's orders granting Allstate Property and Casualty Insurance

Company's petition under Kentucky Revised Statute ("KRS") 304.39-280(3) to

conduct a second Examination Under Oath ("EUO"). Finding no abuse of

discretion, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2022, Alvarez was involved in a collision with another vehicle. Both vehicles remained in service, and no party reported injuries at the time of the incident. Alvarez subsequently alleged that she had sustained injuries resulting from the collision. The vehicle in which Alvarez was traveling was covered by an insurance policy with Allstate Property and Casualty Insurance Company ("Allstate"). Alvarez sought reimbursement from Allstate for medical expenses. After applying with Allstate for Basic Reparations Benefits ("BRB"), also known as "no-fault" benefits, Allstate requested that Alvarez submit to an EUO pursuant to KRS 304.39-280(3), which Allstate conducted in April 2022.

Following Alvarez's first EUO, Allstate filed a petition in Jefferson Circuit Court on May 27, 2022, for an order compelling Alvarez to submit to a second EUO. As grounds, Allstate cited the minor damage to both vehicles, the lack of injuries reported at the scene, and its suspicion that Alvarez had been improperly solicited by a medical provider the day after the accident. Along with its petition, Allstate provided six (6) exhibits, including the police report stating that it was a non-injury accident, Alvarez's BRB application, the applicable Allstate policy, and the contract between Allstate and Alvarez. Alvarez objected to Allstate's request for a second EUO, claiming that Allstate had obtained all the relevant information at the first EUO.

After a hearing on August 31, 2022, the circuit court entered an order on October 14, 2022, granting Allstate's petition for the second EUO. In its order, the circuit court stated the following:

> Kentucky law does not prohibit a second EUO, and the circumstances of this case warrant it. EUOs are permissible for investigating the circumstances surrounding an accident. [*State Farm Mut. Auto. Ins. Co. v. Adams*, 526 S.W.3d 63, 68 (Ky. 2017)]. While Ms. Alvarez would limit the circumstances to just the accident itself, the scope is necessarily broader. The medical care received as a result of an accident logically falls under the circumstances surrounding an accident. If insurance companies are required to investigate claims to prevent fraud, then they must be able to carry out those investigations. KRS 304.47-080. Allstate's request here is proper and not an attempt to unduly harass or delay Ms. Alvarez and her claim.

The circuit court's order further stated that "[t]he EUO shall occur within thirty (30) days from issuance of this order, and be limited to a reasonable time."

Thereafter, on November 14, 2022, Allstate filed a motion to enforce the circuit court's October 14, 2022, order. After a hearing, the circuit court granted the motion and entered an order requiring Alvarez to "submit to an [EUO] at a mutually convenient date and time no later than thirty (30) days from the entry of this Order[.]" The order further stated that "[t]he EUO shall include questioning regarding [] alleged injuries from subject accident, medical treatment for subject accident and solicitation." Alvarez subsequently filed this appeal.

We will discuss further facts as they become pertinent.

-3-

## ANALYSIS

### 1. Standard of Review

As the Kentucky Supreme Court has noted, "[t]he issue before us is one of law, which we review *de novo*." *Adams*, 526 S.W.3d 63 at 65 (citation omitted). Nevertheless, in a case such as this, where a statute tasks the circuit court with making a good-cause determination, "the question of good cause is essentially one of reasonableness to be determined by the particular facts of each case." *Nichols v. Kentucky Unemployment Ins. Comm'n*, 677 S.W.2d 317, 321 (Ky. App. 1984). This Court will reverse the circuit court's decision only upon a showing that it abused its discretion in making its decision. *Miller v. U.S. Fidelity & Guar. Co.*, 909 S.W.2d 339, 342 (Ky. App. 1995). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Miller v. Eldridge*, 146 S.W.3d 909, 914 (Ky. 2004) (citation omitted).

### 2. Discussion

The Kentucky Motor Vehicle Reparations Act (the "MVRA") provides that "every person suffering loss from injury arising out of maintenance or use of a motor vehicle has a right to [BRB.]" KRS 304.39-030(1). Because a claimant is only entitled to receive BRB for motor vehicle accident-related losses, reparation obligors are entitled to conduct a reasonable investigation to determine

-4-

if such a relationship exists.  Indeed, Allstate has a duty under Kentucky law to investigate questionable BRB claims and to "maintain effective procedures and resources to deter and investigate fraudulent insurance acts prohibited by this subtitle, including a unit that will investigate suspected fraudulent insurance acts[.]"  KRS 304.47-080.

To expedite that investigation, the MVRA provides for the disclosure of certain information by BRB claimants.  If a dispute arises between the claimant and the reparation obligor regarding "information required to be disclosed, the claimant or reparation obligor may petition the Circuit Court . . . for an order for discovery including the right to take written or oral depositions."  KRS 304.39-280(3).

In this case, Alvarez argues on appeal that the scope of permissible questions in an EUO is limited to the accident itself.  However, as the circuit court correctly held, "the scope is necessarily broader."  In *Adams*, the Kentucky Supreme Court addressed the scope of KRS 304.39-280(3) and was tasked with determining whether an insurance company "is permitted unilaterally to require that a person seeking coverage undergo" an EUO.  526 S.W.3d at 64.  In *Adams*, a vehicle in which three passengers were riding was rear-ended by another vehicle. *Id*.  The passengers complained of injuries and submitted applications for BRB benefits.  *Id*.  Because of alleged suspicious circumstances concerning the claim,

State Farm requested the adult passengers submit to an EUO.  *Id*.  One of the passengers refused to do so, and State Farm denied the claim of the non-cooperating passenger for refusal to appear for the EUO.  *Id*. at 65.

The Kentucky Supreme Court held that "nothing in the MVRA prevent[ed] State Farm from requiring a person seeking benefits under the policy to submit to a[n] [EUO] as to the circumstances surrounding the accident."  *Id*. at 68.  Thus, the Court held that the circuit court had properly entered summary judgment in favor of State Farm dismissing the plaintiff's claim.  *Id*.  In reaching this decision, the Court stated:

> Because some of the issues listed by State Farm involved the acquisition of accident-related information, the circuit court correctly found that Adams was required to submit to questioning under oath regarding those issues as a condition precedent to coverage.

*Id*.

Ultimately, the *Adams* Court concluded its analysis with the following statement:

> Finally, we recognize that the distinction between issues involving medical-related questions and issues involving accident-related questions may not always be obvious and that those issues may sometimes be inter-related. However, we have faith that our trial courts and the parties will be able to perform the necessary analysis to make those distinctions until such time as the General Assembly deems it appropriate to address this potential dilemma.

*Id.*

Similarly, we see no abuse of discretion in the circuit court's good-cause determination in this case. As in *Adams*, some of the issues listed by Allstate pertained to the acquisition of accident-related information. Moreover, Allstate's claim investigation deemed Alvarez's claim suspicious. Indeed, the day after the accident, Alvarez went to a medical provider known by Allstate to solicit in violation of Kentucky law. Further, the medical provider billed Alvarez for an "extensive amount of chiropractic treatment" resulting from a "non-injury collision" with "minor" damage to both vehicles. Allstate further expressed concerns that the medical provider billed for services not rendered and that an unlicensed individual performed the treatments allegedly rendered to Alvarez. We see nothing "arbitrary, unreasonable, unfair, or unsupported by sound legal principles" in the circuit court's good-cause determination. *Miller*, 146 S.W.3d at 914 (citation omitted).

## CONCLUSION

Based on the foregoing, we affirm the Jefferson Circuit Court's orders requiring Alvarez to submit to a second EUO.

JONES, A., JUDGE, CONCURS.

CALDWELL, JUDGE, DISSENTS AND FILES SEPARATE OPINION.

CALDWELL, JUDGE, DISSENTING: I respectfully dissent. In my view, the trial court abused its discretion as its decision is not supported by sound legal principles. *See Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) ("The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.").

In the present case, Allstate has already examined Alvarez under oath concerning the circumstances of the accident itself in the first EUO. And Allstate has not requested records related to Alvarez's medical care through the means specifically provided for in the MVRA. *See* KRS 304.39-280(1)(b)-(c). Therefore, there was no dispute about medical information required to be disclosed prior to the filing of the petition to examine Alvarez under oath, which Allstate indicated was premised partly under KRS 304.39-280(3). But I read KRS 304.39-280 as a whole to only permit depositions about medical issues if there has been a denial of a reparation obligor's requests for medical records to be made available under KRS 304.39-280(1)(b)-(c).

After all, KRS 304.39-280(1) states in pertinent part:

(1) Upon request of a basic or added reparation claimant or reparation obligor, information relevant to a claim for basic or added reparation benefits shall be disclosed as follows:

. . .

(b) The claimant shall deliver to the reparation obligor a copy of every written report, previously or thereafter made, relevant to the claim, and available to him, concerning any medical treatment or examination of a person upon whose injury the claim is based and the names and addresses of physicians and medical care facilities rendering diagnoses or treatment in regard to the injury or to a relevant past injury, and the claimant shall authorize the reparation obligor to inspect and copy relevant records of physicians and of hospitals, clinics, and other medical facilities.

(c) A physician or hospital, clinic, or other medical facility furnishing examinations, services, or accommodations to an injured person in connection with a condition alleged to be connected with an injury upon which a claim is based, upon authorization of the claimant, shall furnish a written report of the history, condition, diagnoses, medical tests, treatment, and dates and cost of treatment of the injured person, and permit inspection and copying of all records and reports as to the history, condition, treatment, and dates and cost of treatment.

And KRS 304.39-280(3) only provides that a petition for discovery including a deposition may be filed "[i]n case of dispute as to the right of a claimant or reparation obligor to discover information required to be disclosed[.]"

Without having first requested the medical records discussed in KRS 304.39-280(1)(b)-(c) and so not having been denied this information to which it was entitled on request, Allstate was not entitled to depose Alvarez about any issues related to her medical treatment pursuant to KRS 304.39-280(3).

-9-

Consequently, there was no good cause to order a deposition about medical treatment issues regardless of Allstate's expressing concerns about possible solicitation.

Furthermore, the trial court clearly misread our Supreme Court's guidance in *Adams*, 526 S.W.3d at 63, in deciding to permit Allstate to conduct a second EUO based on Allstate's alleged concerns about solicitation to permit inquiry about the circumstances of Alvarez's medical treatment after the accident. The trial court stated that EUOs to investigate the circumstances surrounding an accident were permissible, citing *Adams*, 526 S.W.3d at 68. After citing *Adams*, the trial court stated: "The medical care received as a result of an accident logically falls under the circumstances surrounding an accident." But the trial court failed to recognize that *Adams* permitted EUOs only for the purpose of investigating the circumstances of the accident itself, and not for the purpose of obtaining information solely related to medical treatment. *See id.* at 66-68.

Our Supreme Court noted that the MVRA provided for specific means for obtaining information about the claimant's medical condition and treatment. *Id.* at 66-67. "However, the MVRA does not specifically provide for the disclosure of information regarding the underlying motor vehicle accident." *Id.* at 67. So, our Supreme Court stated: "nothing in the MVRA prevents State Farm

-10-

from requiring a person seeking benefits under the policy to submit to a statement under oath as to the circumstances surrounding the accident." *Id*. at 68.

But our Supreme Court also made clear that information relating solely to medical issues rather than the circumstances of the accident must be sought under relevant MVRA provisions rather than through an EUO:

> Because the MVRA specifically provides for the sharing of documentation regarding a claimant's medical condition and methods for resolving disputes regarding failure to provide that documentation as well as for resolving disputes regarding a claimant's mental or physical condition, a reparation obligor must avail itself of the provisions of the MVRA to resolve such issues. A reparation obligor cannot attempt to resolve those issues through "questioning under oath" or any other similar procedure that is outside the boundaries established by the MVRA.

> As noted above, State Farm listed four issues as being problematic: (1) whether the bodily injury or property damage was caused by the accident; (2) whether the injury was caused by a hit-and-run vehicle; (3) whether the accident arose out of the ownership, maintenance, or use of an uninsured motor vehicle; and (4) whether Adams had made false statements in connection with her claim. The first of these issues involves medical information and State Farm should have pursued resolution of that issue through the provisions of the MVRA. The second and third issues are related to the accident itself and are proper subjects for questioning under oath. The fourth issue may involve both medical and accident-related questions. As with the first issue, State Farm should have pursued any medical-related questions through the provisions of the MVRA. Because some of the issues listed by State Farm involved the acquisition of accident-related information, the circuit

court correctly found that Adams was required to submit to questioning under oath regarding those issues as a condition precedent to coverage.

526 S.W.3d at 68.

*Adams* approved the use of an EUO to obtain information about the circumstances of the accident such as whether a hit-and-run occurred or whether an uninsured motor vehicle was involved. *Adams* explicitly disapproved of using the EUO to determine whether the accident caused the personal injury – a medical issue. And regarding issues about whether the claimants made false statements in connection with the insurance claim, *Adams* perhaps indicates that examination under oath about statements made concerning the accident would be proper but suggests that examination under oath about statements made in seeking medical care would not be proper. *Id.*

Our Supreme Court recognized that: "the distinction between issues involving medical-related questions and issues involving accident-related questions may not always be obvious and that those issues may sometimes be inter-related." *Id.* But it expressed faith that trial courts and parties could make the necessary distinctions between issues about the circumstances of accidents and purely medical issues. *Id.*

While perhaps in other circumstances it may be difficult to separate medical issues from issues about the circumstances of an accident, it is not difficult

-12-

to see here that questions about Alvarez's seeking medical treatment later are distinct from questions about the circumstances of the accident itself. And yet, Allstate has obtained from the trial court an order requiring Alvarez to submit to a second EUO for "questioning regarding [] alleged injuries from subject accident, medical treatment for subject accident and solicitation."

The trial court's order allowing this type of questioning directly related to Alvarez's medical treatment and "solicitation" violates our Supreme Court's clear direction in *Adams*, 526 S.W.3d at 66-68, that EUOs must not be permitted for the purposes of obtaining information related solely to medical care and not related to the accident itself. Therefore, I would reverse.

I recognize that there is a lack of published Kentucky precedent about if or under what circumstances a reparations obligor may be entitled to conduct an examination under oath or a deposition concerning whether improper solicitation may have occurred following a motor vehicle accident. But in my estimation, Allstate was not entitled to file a petition for a deposition concerning any information related to medical treatment because it had not sought nor been denied medical records to be made available upon request under the MVRA. *See* KRS 304.39-280. And *Adams* clearly prohibited examinations under oath – outside the type of depositions which might be permitted upon denial of requests for

disclosure of medical records – on issues which did not relate to the accident itself but were solely related to medical treatment. 526 S.W.3d at 66-68.

Therefore, the trial court's ordering Alvarez to undergo an examination under oath about her medical treatment and solicitation was not proper pursuant to either KRS 304.39-280(3) or *Adams*, 526 S.W.3d at 63. So, I would reverse the trial court's judgment and remand with directions to dismiss the request for a second EUO.

BRIEF FOR APPELLANT:

John Patrick Ward, Jr.
Louisville, Kentucky

BRIEF FOR APPELLEE:

R. Christian Garrison
Louisville, Kentucky